OPINION
Appellants Donald, Carol, Salle, and Jonathan Schlesselman, and Elizabeth Baker, appeal a summary judgment of the Licking County Common Pleas Court dismissing their action seeking a declaration that underinsured motorist coverage is available to them from appellees Grange Insurance Company and Nationwide Insurance Company:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF-APPELLANT JONATHAN SCHLESSELMAN WAS THE ONLY PLAINTIFF WHO FILED A RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT-APPELLEE GRANGE.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE GRANGE INSURANCE COMPANY WHEN IT STATED THAT NO UNDERINSURED COVERAGE PAYMENT IS AVAILABLE UNDER EACH POLICY.
 ASSIGNMENT OF ERROR NO. 3 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE NATIONWIDE INSURANCE COMPANY WHEN IT STATED, THAT NO UNDERINSURED COVERAGE PAYMENT IS AVAILABLE UNDER EACH POLICY.
Andrew Schlesselman died as a result of injuries sustained in an automobile accident on December 11, 1997. Carter Robb, the tortfeasor, was insured by Progressive Insurance Company. The Progressive policy had limits of $100,000 per person and $300,000 per occurrence.
At the time of accident, Andrew was survived by his parents, Donald and Carol Schlesselman, who were insured by appellee Grange Insurance Company; his sisters, Salle Schlesselman and Elizabeth Baker, who were insured by appellee Grange; and his brother, Jonathan Schlesselman, who was insured by appellee Nationwide. Pursuant to Carter Robb's policy, Progressive paid the $100,000 limit of liability to each of the survivors in equal shares of $20,000.
Appellant Jonathan Schlesselman held underinsurance coverage with appellee Nationwide in the amount of $100,000 per person and occurrence. Appellant Elizabeth Baker held underinsurance coverage with Grange in the amount of $100,000 per person and $300,000 per occurrence. Appellants Donald, Carol, and Salle Schlesselman purchased liability coverage from appellee Grange in the amount of $50,000 per person and $100,000 per occurrence, but had not purchased underinsurance coverage. While appellee Grange defended on the basis that appellants had waived such coverage, the case did not reach a point procedurally where any evidence was produced on the issue of waiver.
Appellants filed the instant action seeking a declaration that underinsured motorist coverage was available under each of their applicable policies. On September 5, 2000, Nationwide moved for summary judgment against appellant Jonathan Schlesselman. Nationwide claimed that because the limits of Jonathan's policy were the same or less than the tortfeasor's limits of coverage, the laws concerning setoff in place at the time precluded underinsurance payments. Appellant Jonathan Schlesselman filed a response, claiming generally that underinsurance coverage should be available, as he personally had received only $20,000 from the tortfeasor's liability carrier, and therefore did not receive the $100,000 limit of his underinsurance coverage. Appellant cited to R.C. 3937.18(A)(2), arguing that the phrase "available to the insured" in the definition of underinsurance coverage precludes a setoff of the entire amount paid to all the survivors against the amount of his individual policy. The court granted the motion for summary judgment on December 11, 2000, as the case law at the time required only a comparison of the face amounts of the policy.
On January 18, 2001, appellee Grange filed a motion for summary judgment, arguing that comparing the face amounts of the tortfeasor's policy with those of appellees' insureds, no coverage was available, as their underinsurance coverage was equal to or less than the tortfeasor's liability coverage. Appellants filed the same response which appellant Jonathan Schlesselman filed following Nationwide's motion for summary judgment. While appellants changed the name of the insurance company in the responsive document from "Nationwide" to "Grange," they did not change the name of the plaintiff from Jonathan Schlesselman to the names of Grange's insureds. The court did not consider the motion on the merits, but granted summary judgment on the basis that appellants failed to respond to the motion for summary judgment. All appellants filed a notice of appeal on April 24, 2001.
 I
Appellants Donald, Carol, and Salle Schlesselman, and Elizabeth Baker, argue that the court erred in granting appellee Grange's motion for summary judgment on the basis that they failed to file a response.
Summary judgment is appropriate where there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ. R. 56 (C). The non-moving party is entitled to have the evidence construed most strongly in its favor. Id. In reviewing a summary judgment, we stand in the shoes of the trial court, reviewing the judgment on the same standard and evidence as the trial court. Smiddy v.The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
Considering the issue from a standpoint of a de novo review, we conclude that the court erred in granting summary judgment on the basis that appellants failed to file a responsive pleading to the motion for summary judgment. The issue raised by appellee Grange in its summary judgment motion was identical to that raised by appellee Nationwide's summary judgment, and was a strict question of law. While appellants should have changed the name in the responsive pleading to make it clear it was filed on their behalf rather than on Jonathan Schlesselman's behalf, based on the timing of the response, it is apparent from the record that the answer was in fact directed toward appellee Grange's motion for summary judgment. As the case law at the time did not support appellants' position, the short argument based on statutory interpretation and public policy was an appropriate response to the motion. As the argument was legal rather than factual, there was no need for appellants to file evidentiary material to defeat the motion for summary judgment.
The first assignment of error is sustained.
 II
Appellants argue that the court erred in granting summary judgment and finding no underinsurance coverage available, as based on the recent cases of Clark v. Scarpelli (2001), 91 Ohio St.3d 271, and Littrell v.Wigglesworth (2001), 91 Ohio St.3d 495, the law concerning application of the rules of setoff has changed, and underinsurance coverage should be available pursuant to the policies. As this argument was not presented to the trial court, and the trial court did not reach the merits of case, this argument is premature. Based on our ruling in the first assignment of error that the court erred in granting summary judgment on the basis that appellant failed to file a responsive pleading, the parties will have an opportunity to present these arguments to the trial court on remand.
The second assignment of error is overruled as premature.
 III
Appellant Jonathan Schlesselman argues that the court erred in granting appellee Nationwide's motion for summary judgment, based on the same reasons outlined in Assignment of Error II.
The court entered judgment dismissing Schlesselman's claim against Nationwide on December 11, 2000. He did not file a notice of appeal until April, 2001. The December 11, 2000, judgment was a final appealable order, as it finally determined all claims between appellant Jonathan Schlesselman and appellee Nationwide, and precluded a judgment in appellant's favor. Accordingly, appellant Jonathan Schlesselman's notice of appeal is not timely.
The third assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Common Pleas Court granting summary judgment in favor of appellee Grange Insurance Company, and against appellants Donald, Carol, and Salle Schlesselman, and Elizabeth Baker, is reversed. That cause is remanded to that court for further proceedings according to law. The summary judgment entered by the Licking County Common Pleas Court in favor of appellee Nationwide Insurance Company and against appellant Jonathan Schlesselman is affirmed. Costs to be split between appellant Jonathan Schlesselman and appellee Grange Insurance Company.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.